IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LARRY ADAMS, | § | |
|    TDCJ-CID #1582430, | § | |
| | § | |
| VS. | § | Case No. 2:11cv118 |
| | § | |
| MARK TURKEY, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Pending is plaintiff's motion to compel discovery with brief in support (D.E. 42, 43), to which defendants have filed a response in opposition.  (D.E. 44).  For the reasons stated herein, plaintiff's motion to compel is denied.

**I.      Procedural Background.**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the Stringfellow Unit in Rosharon, Texas, although his lawsuit involves events that occurred while he was a pretrial detainee housed at the Nueces County Jail.  He filed this lawsuit on April 11, 2011 claiming that, while he was confined at the Nueces County Jail pending trial on criminal charges, certain Nueces County Sheriff deputies working at the Nueces County Jail used excessive force against him on May 28, 2009, causing him serious bodily injury, and that these same defendants failed to protect him from the excessive force.  (D.E. 1).  Plaintiff identified by name three defendants, and alleged that at least five other John/Jane Doe officers may have been involved in the use of force.  *Id.*

A *Spears*[1] hearing was conducted on May 25, 2011, following which plaintiff's excessive force and failure to protect claims were retained, and service ordered on the identified defendants, as well as any and all Nueces County John Doe Officers that were involved in the May 28, 2009 Use of Force ("UOF").  (D.E. 11, 12).

On July 29, 2011, plaintiff filed a "notice of intent to sue defendants in their individual capacities."  (D.E. 27).

The following defendants have appeared and filed an answer to plaintiff's complaint in their individual and official capacities: (1) Alicia Bauer; (2)  Rudy Cueva; (3)  San Juan Gonzales; (4) Gregorio Molina, (5) Jennifer Nunez; (6) Roger Rakes; (7) Paul Stewart;  (8) Zachary Williams; (9) Kristin Shick; (10) Juan D. Rodriguez; and (11) Mark Turley.[2]  (*See* D.E. 28 - 35, 38, 47, 49).

On July 21, 2011,[3] plaintiff sent interrogatories, requests for production, and "request for previous statement," directed to defendants Gregorio Molina and Paul Stewart.  (*See* D.E. 42, Ex. A).

By letter dated August 11, 2011, defendants' attorney advised plaintiff that she represented multiple defendants and that his discovery request "... does not identify to whom the request is made."  (*Id.* at Ex. B).  In addition, plaintiff was advised that defendants had

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] These defendants are represented by Nueces County Attorney Alissa Anne Adkins.

[3] Defendants point out that the certificate of service for plaintiff's discovery request is dated July 26, 2011, and it is postmarked as mailed the following day.  (*See* D.E. 44, Ex. A at 5, 6).

not obtained a copy of the *Spears* transcript, but that he could order one from the Clerk's office. *Id.*

On August 24, 2011, defendants Molina and Stewart filed their responses to plaintiff's discovery requests. (*Id.* at Ex. C).

## II.    Instant Motion to Compel.

In his motion to compel, plaintiff contends that defendants Molina and Stewart have failed to comply fully with his discovery requests, and he raises the following specific objections:

(1)    Molina and Stewart failed to attest to their responses under oath and failed to sign them, in violation of Rule 33, Fed. R. Civ. P.;

(2)    Defendants' answers to interrogatories 2 - 5 are insufficient, and defendants failed to produce documents that they are required to produce because plaintiff is proceeding *pro se* and *in forma pauperis;* and

(3)    Defendants have failed to make a complete disclosure of plaintiff's prior statements. *(See* D.E. 42 at 1-2).

Plaintiff further details his objections in his accompanying brief. (D.E. 43).

## III.    Discussion.

The Federal Rules of Civil Procedure detail the manner in which discovery is to be conducted in this action. *See generally*, Fed. R. Civ. P. 26 - 37. In the Fifth Circuit, it is well-established that discovery is not to be used as a fishing expedition. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 28 F.3d 1388, 1396 (5th Cir.

1994).

In his first objection, plaintiff points out that defendants Molina and Stewart failed to attest to their interrogatory responses, nor did they sign them, as required by Fed. R. Civ. P. 33(b)(1) (3) and (5).  (D.E. 42 at 2).  Defendants admit this error.  (D.E. 44 at 2).  However, both Molina and Stewart have remedied this defect by verifying their answers and signing the verification.  (*See* D.E. 44, Ex. B, Molina responses at 8; Stewart responses at 8).  Thus, this objection has been rendered moot, and is denied as such.

Plaintiff objects to the fact that defendants "have consolidated their answers,"[4] relying on *Nagler v. Admiral Corp.*, 167 F. Supp. 413, 415 (S.D.N.Y. 1958).  In *Nagler*, in response to multiple sets of interrogatories, the defendants offered both separate and consolidated answers, and a blanket verification that their responses were "true to the best of the deponent's 'knowledge, belief, and information.'"  The New York district court criticized the form of the answers and the verifications because it was not possible to determine which defendant was swearing to what information.

*Nagler* is distinguishable, however, because in this case, plaintiff sent one set of interrogatories and requests for production to ***both*** defendants, yet both Molina and Stewart filed separate responses and verifications.  (*See* D.E. 42, Ex. A, and D.E. 44, Ex. B).  The fact that defendants' objections and responses are almost identical is not unusual given the

---

[4] In this objection, plaintiff identifies defendants as "Turley and Stewart."  (D.E. 43 at 2).  However, the discovery at issue was propounded to defendants Stewart and Molina, and it is assumed plaintiff identified "Turley" in this pleading in error.

fact that they are represented by the same counsel, and, at this point in the litigation, plaintiff's allegations against them are identical.

Plaintiff objects to defendants' failure to produce copies of defendants' privilege log, "use of force packet", plaintiff's medical records related to the UOF, and any and all incident reports and videos from the May 28, 2009 incident.  Defendants explain that they did not produce these documents because, as individuals, they do not have use of force plans or packets, or a privilege log.  In addition, defendants have no authority to obtain plaintiff's medical records from either the Jail or Christus Spohn Hospital, nor do they have  authority to release Nueces County Jail records.

Municipal liability law can be difficult for lawyers, let alone a *pro se* plaintiff with limited access to legal resources.  However, defendants' objections to the requested document production on the grounds that, as individuals, they have neither the access to, nor the authority over, certain institutional records, correctly reflects the law's recognition of the municipality as a separate entity that can be sued.  *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).  It is unlikely that, as employees of Nueces County, Molina or Stewart would have possession of many of the documents plaintiff seeks, and they are under no obligation to produce them.[5]

Moreover, although plaintiff complains that he has received insufficient documents, he has received the following documentation:

---

[5] To obtain that information, plaintiff could file a motion for leave to amend his complaint to name Nueces County as a defendant.

(1)     Use of Force ("UOF") report for 5/28/09 (2 pages);

(2)     UOF Narrative by Molina;

(3)     UOF supplement signed by J.D. Rodriguez;

(4)     UOF supplement signed by Z. Williams;

(5)     Incident report dated 5/8/09;

(6)     Incident report dated 6/3/09;

(7)     Inmates Notification – Violation of Rules, dated 5/28/09;

(8)     Major Violation/In-House Probation Form  dated 5/28/09;

(9)     Notice of Pending Disciplinary Action dated 5/29/09;

(10)    Waiver of 24 Hour Notification dated 5/29/09;

(11)    Inmate Rights at Disciplinary Committee Hearing check form dated 5/29/09; and

(12)    Disciplinary Hearing Committee form dated 5/30/09.

(*See* D.E. 42, Ex. C).

In addition, in response to certain interrogatories, defendants have identified the appropriate entity and/or individuals from whom plaintiff can seek certain documents.  For example, defendants relate that Christus Spohn Hospital Memorial has possession of plaintiff's medical records for any treatment rendered in Nueces County Jail.  Further, defendants have requested and will produce a list of the inmates who were in Unit 4P on May 28, 2009.

**IV.    Conclusion.**

Defendants have adequately responded to plaintiff's discovery requests.  Accordingly, plaintiff's instant motion to compel (D.E. 42) is denied.  However, to move this case forward, it is requested that counsel for defendants produce to plaintiff **within twenty (20) days** of entry of this order:

(1)    Copies of Nueces County Jail's UOF plan, plus any other written rules, policies, or procedures addressing the authorized use of physical force by officers at the Nueces County Jail, and, if no such written policies exist, provide a statement to that effect within the required time period; and

(2)    A release for medical records, addressed to the appropriate official, that plaintiff may sign and then submit to obtain copies of his Nueces County Jail medical records concerning and limited to the May 28, 2009 UOF and follow-up care, if any.

ORDERED this 25th day of January, 2012.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE